NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTHOLINE FERNANDEZ; RONALD
FERNANDEZ,

Plaintiffs-Appellees,

v.

BRIDGECREST CREDIT COMPANY,
LLC.,

Defendant-Appellant.

No.    19-56378

D.C. No.
5:19-cv-00877-MWF-SHK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted February 5, 2021
Pasadena, California

Before: GOULD, OWENS, and VANDYKE, Circuit Judges.

Defendant-Appellant Bridgecrest Credit Company, LLC, appeals from the

district court's order denying its motion to compel arbitration pursuant to California

law and the Federal Arbitration Act (FAA). We have jurisdiction under 9 U.S.C.

§ 16. Reviewing *de novo*, *O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1093 (9th

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Cir. 2018), we reverse and remand.

1.      Bridgecrest argues that Plaintiffs-Appellees Antholine and Ronald Fernandez seek private injunctive relief, rendering inapplicable a California law that arbitration agreements are void and unenforceable when they waive the contracting parties' statutory right to pursue public injunctive relief in any forum. *See McGill v. Citibank, N.A.*, 393 P.3d 85, 93–94 (Cal. 2017).

We agree with Bridgecrest. The Fernandezes seek an injunction preventing Bridgecrest from "transferring vehicles repossessed or surrendered in California to Las Vegas, Nevada for auction sale, unless Bridgecrest undertakes the expense of redelivering vehicles back to California for those customers who reinstate their contracts or redeem their vehicles." This proposed injunction cannot constitute public injunctive relief because it only stands to benefit customers whose vehicle purchase contracts are assigned to Bridgecrest, "*i.e.*, by definition [it] will only benefit a 'group of individuals similarly situated to the plaintiff[s].'" *Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 549 (9th Cir. 2021) (quoting *McGill*, 393 P.3d at 90). The district court erred in concluding otherwise and we reverse denial of the motion to compel arbitration.[1] *See id.*

2.      Bridgecrest alternatively contends that the FAA preempts the *McGill* rule.

---

[1] We hold that the district court properly ruled that the other injunctions proposed by the Fernandezes constitute requests for private injunctive relief because they would directly benefit the Fernandezes and other similarly situated persons.

But we have held to the contrary. *See id.* at 539, 543–44 (citing, *inter alia*, *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010); *Blair v. Rent-A-Ctr.*, 928 F.3d 819, 829 (9th Cir. 2019)) ("[A] request for public injunctive relief [as defined by *McGill*] does not interfere with the bilateral nature of a typical consumer arbitration." (cleaned up)). We reject Bridgecrest's request for a panel recommendation for *en banc* rehearing because the issue of whether the FAA preempts the *McGill* rule is settled. *See id.*

3.      Bridgecrest finally seeks reversal on the basis that the district court improperly concluded that the Fernandezes' request for injunctive relief triggered a "poison pill" provision in the parties' arbitration agreement. In Bridgecrest's opinion, the district court should not have applied the poison pill provision to invalidate the entire arbitration agreement. We need not address this issue because the Fernandezes are not seeking public injunctive relief.

4.      We remand this case with instructions that the district court grant Bridgecrest's motion to compel arbitration of the Fernandezes' claims. *See AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 344 (2011) ("The principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms." (cleaned up)); *Hodges*, 21 F.4th at 549.

**REVERSED AND REMANDED, WITH INSTRUCTIONS.**